IN THE MATTER OF THE ESTATE OF H. L. FINLAYSON, DECEASED.

(Filed 11 April, 1934.)

1. **Wills D a—Evidence held to support finding that deceased's domicile was in county in which will was offered for probate.**

The last actual place of residence of the deceased is not determinative of his domicile in regard to the jurisdiction of the clerk in probating his will, but change of domicile is to be determined by his intent to abandon his first domicile and acquire another elsewhere, and where there is evidence that he was born in the county in which his will was offered for probate and continued to live there except for temporary residence for business purposes in other states at various times, and that he intended to return here and regarded this State as his domicile, *is held* sufficient to base a finding that his domicile was the county of probate, although there was some conflict in the evidence.

2. **Appeal and Error J c—Findings of fact supported by evidence are conclusive on appeal.**

Where the clerk of the Superior Court has found from sufficient evidence that the deceased was domiciled in the county of probate, and this finding is affirmed by the Superior Court, it is conclusive on appeal to the Supreme Court although the evidence is conflicting.

APPEAL by petitioners from *Moore, Special Judge,* at December Special Term, 1933, of WAYNE. Affirmed.

This is a special proceeding instituted by the petitioners before the clerk of the Superior Court of Wayne County, on 28 August, 1933, for an order that letters testamentary issued by said clerk to Mrs. Emma Finlayson Cannon, executrix of H. L. Finlayson, deceased, be revoked and canceled, and that the probate by said clerk on 28 May, 1931, of a certain paper-writing as the last will and testament of the said H. L. Finlayson, deceased, in which the petitioners are named as legatees, be set aside and vacated, on the ground that the said clerk was without jurisdiction to probate said paper-writing as the last will and testament of H. L. Finlayson, deceased, or to issue said letters testamentary, for that:

1. H. L. Finlayson was not domiciled at the date of his death, or immediately previous thereto, in Wayne County, North Carolina, or in any other county in said State.

2. Not being domiciled in the State of North Carolina at or immediately previous to the date of his death, H. L. Finlayson died out of said State, leaving no assets in Wayne County, or in any county in said State.

At the hearing of the proceeding by the clerk of the Superior Court of Wayne County on the petition of the petitioners and the answer

thereto of the respondent, evidence was offered by both the petitioners and the respondent, Mrs. Emma Finlayson Cannon, in support of their respective contentions, the respondent contending that at the date of his death, H. L. Finlayson was domiciled in Wayne County, North Carolina, the petitioners contending the contrary. On consideration of all the evidence, the clerk found as a fact that at the date of his death, H. L. Finlayson was domiciled in Wayne County, North Carolina, and on this finding denied the petition. The petitioners excepted and appealed to the judge of the Superior Court of Wayne County. At the hearing of the appeal, the judge found from all the evidence that "the testator, H. L. Finlayson, was born and raised in the city of Goldsboro, in Wayne County, North Carolina; that Wayne County is the domicile of his origin and that he had never abandoned said domicile, or acquired a domicile in any other county or State; and that at the date of his death, H. L. Finlayson was domiciled in Wayne County, North Carolina."

From judgment affirming the order of the clerk denying their prayer that the letters testamentary issued to Mrs. Emma Finlayson Cannon, executrix, be revoked and canceled, and that the probate of the last will and testament of H. L. Finlayson, deceased, be set aside and vacated, the petitioners appealed to the Supreme Court.

*W. A. Dees, F. P. Parker, Jr., Langston, Allen & Taylor and Christian, Barton & Parker for petitioners.*

*R. D. Johnson, T. Gray Haddon and Dickinson & Bland for respondent.*

CONNOR, J. The findings of fact, with respect to the domicile of H. L. Finlayson, at the date of his death, made by the clerk, and approved by the judge of the Superior Court of Wayne County, on petitioners' appeal from the order of the clerk, were supported by competent evidence, and are therefore conclusive. Although there was conflict in the evidence, the findings of fact are not subject to review by this Court. *Lumber Co. v. Finance Co.,* 204 N. C., 285, 168 S. E., 219; *Tyer v. Lumber Co.,* 188 N. C., 268, 124 S. E., 305; *In re Martin,* 185 N. C., 472, 117 S. E., 561.

In the last cited case, it is said: "Domicile is a question of fact and intention. Hence, to effect a change of domicile, there must be an actual abandonment of the first domicile, coupled with an intention not to return to it, and there must be a new domicile acquired by actual residence at another place, or within another jurisdiction, coupled with the intention of making the last acquired residence a permanent home. The judge finds that no such change took place here."

The fact, as shown by all the evidence in the instant case, that at the time of his death in the city of Richmond, Virginia, H. L. Finlayson resided in said city, is not determinative of the question presented by this proceeding. The evidence was at least conflicting as to his intention to make his permanent home in the city of Richmond. There was evidence tending to show that he resided in the city of Richmond, as he had in Norfolk, and New York, from time to time, for business reasons only, and that at no time did he intend to make his permanent home elsewhere than in the city of Goldsboro, Wayne County, North Carolina, where he was born, and where, at her death, he brought the body of his wife for burial. It is significant that as one of the executors of his wife's will, he caused the said will to be probated in Wayne County, and that he returned to Goldsboro, in Wayne County, to have his last will and testament drawn by an attorney at law who resided in Goldsboro. The will offered for probate by his daughter, whose domicile is in this State and who is named therein as his executrix, begins with these words: "I, H. L. Finlayson, of the city of Goldsboro, said county and State." This will was executed by him while he was residing in the city of Richmond, but contains no recital that his home was in said city. There is no error in the judgment.

Affirmed.