JANE P. BURKE v. GEORGE F. HARRINGTON

No. 7726SC353

(Filed 7 March 1978)

**Jury § 1.1; Partition § 3— partition proceeding—issue as to quality of title—jury trial**

Where plaintiff sought partition of property formerly held by the parties as tenants by the entirety on the ground that she had obtained a divorce from defendant in Florida and was entitled to partition as a tenant in common, and defendant alleged that the Florida divorce was invalid because plaintiff was not legally domiciled in Florida at the time the divorce action was instituted and the decree rendered and requested a trial by jury, the trial court erred in denying defendant a trial by jury and in hearing the matter without a jury, since defendant properly raised an issue as to the quality of plaintiff's title and was entitled to have a jury decide that issue.

APPEAL by defendant from *Friday, Judge.* Judgment entered 27 January 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 February 1978.

This cause began as a special proceeding to have certain lands sold for partition. In her petition plaintiff alleged that she and defendant were previously married, that while they were married they acquired the subject real estate as tenants by the entirety, that she had obtained an absolute divorce from defendant in Florida, that she and defendant now own the property as tenants in common, and that she is entitled to have the property sold and the proceeds divided between them.

Defendant filed answer admitting that he and plaintiff were married to each other and that they acquired the subject proper-

ty as tenants by the entirety. He also alleged that plaintiff left North Carolina and moved to Florida where she purportedly obtained a divorce from him; that the purported divorce was invalid for the reason that plaintiff was not legally domiciled in the state of Florida at the time the divorce action was instituted and the decree rendered; that plaintiff and defendant are still married to each other; that they hold title to the subject property as tenants by the entirety, therefore, plaintiff is not entitled to have the same sold for partition.

Defendant filed a request for trial by jury and, pursuant to his motion, the cause was transferred to the civil issue docket.

When the cause came on for trial defendant insisted on a jury trial. The court proceeded to hear the matter without a jury, found facts as contended by plaintiff and entered judgment declaring that the parties own the property as tenants in common and that plaintiff is entitled to have the same partitioned.

Defendant appealed.

*Levine & Goodman, by Sol Levine, for plaintiff appellee.*

*Curtis and Millsaps, by Joe T. Millsaps, for defendant appellant.*

BRITT, Judge.

Defendant contends first that the trial court erred in denying him a jury trial. We agree with this contention.

Defendant argues that he properly raised an issue of fact with respect to the validity of the Florida divorce; specifically, that plaintiff was not legally domiciled in Florida at and before the time the divorce action was insitituted and the decree was rendered.

Although a partition proceeding is usually within the jurisdiction of the clerk of the superior court, when "issues of fact" are joined before the clerk, the cause must be transferred to the superior court for trial. G.S. 1-174. It is true that in some instances where a petitioner's title is not challenged, *i.e.*, where the petitioner asks that the land be sold for partition and a respondent asks that the land itself be divided, the clerk passes upon

the question initially and a dissatisfied party may appeal to the judge.

It is well settled, however, that where a petitioner's title is denied and a respondent pleads sole ownership, the cause must be transferred to the superior court for trial as other civil actions. *Bailey v. Hayman*, 222 N.C. 58, 22 S.E. 2d 6 (1942), and cases therein cited. We think the same rule applies in the case at hand since defendant denies the title claimed by plaintiff, thereby raising a question or issue as to the quality of plaintiff's title.

The quality of plaintiff's title depends on the validity of her divorce. "No valid divorce can be decreed by the courts of a state in which neither party is domiciled." 5 Strong's N.C. Index 3d, Divorce and Alimony § 1.1, pp. 237-38. Jurisdiction of the marital status exists only when one of the parties is a resident of the state in which the divorce action is instituted, and for this purpose residence means domicile. *Ibid.* residence and domicile are not convertible terms as a person may have his residence in one place and his domicile in another. "Residence simply indicates a person's actual place of abode, whether permanent or temporary. Domicile denotes one's permanent, established home as distinguished from a temporary, although actual, place of residence." *Hall v. Board of Elections*, 280 N.C. 600, 605, 187 S.E. 2d 52 (1972).

We agree with defendant's argument that he properly raised the issue of whether plaintiff was legally domiciled in Florida at the time she obtained her divorce and that he was entitled to have a jury decide the issue. While plaintiff presented sufficient evidence to make out a prima facie case, domicile is a fact that has to be proven and this may be done by direct and circumstantial evidence. "A person's testimony regarding his intention with respect to acquiring a new domicile or retaining his old one is competent evidence, but it is not conclusive of the question. 'All of the surrounding circumstances and the conduct of the person must be taken into consideration.' (Citations.)" *Hall v. Board of Elections, supra*, page 609.

The record discloses that at one point in the trial proceedings the able trial judge alluded to *Donnell v. Howell*, 257 N.C. 175, 125 S.E. 2d 448 (1962), as an authority for his denying defendant a jury trial. Although certain legal principles declared in *Donnell* on

the question of legality of out-of-state divorces are relevant to the case at hand, it is noted that the controversy in that case was submitted on facts stipulated by the parties and those found by *the judge.*

There is further indication that the trial court might have relied on *In Re Estate of Finlayson,* 206 N.C. 362, 173 S.E. 902 (1934), in holding that defendant was not entitled to a jury trial. That case involved the question of domicile of the decedent for purpose of determining where his will should be probated. The clerk found facts, made a determination and appeal was taken to the judge.

We think it is easy to distinguish *Finlayson* from this case. A clerk of the superior court serves as the judge of probate and then has many other duties assigned to him by statute. It appears that in most cases involving his position as judge of probate — appointment and removal of fiduciaries, approval of accounts, etc., — he conducts hearings, makes determinations and appeals are taken to the judge. In partition proceedings the clerk's role is different. When an answer is filed denying the quality or quantity of title claimed by the petitioner, the clerk conducts no hearing, makes no determinination of the controversy, but merely transfers the cause to the civil issue docket for trial "as other civil actions". *Bailey v. Hayman, supra.*

In view of our holding above, we find it unnecessary to pass upon the other questions raised in appellant's brief as they might not arise at the retrial of this cause. However, we do state that in our opinion some of the documentary evidence introduced by plaintiff, particularly the affidavits, was not admissible in that it did not comport with G.S. 1A-1, Rule 44, and other applicable statutes.

For the reasons stated, the judgment appealed from is reversed and this cause is remanded to the superior court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges HEDRICK and WEBB concur.