WESLEY C. BOWERS v. KEITH BILLINGS AND DARREN MAC JOINES

No. 8523SC995

(Filed 15 April 1986)

**Rules of Civil Procedure § 4— process—person residing in defendant's house—defendant's father living in another house—service sufficient**

Service of process by leaving the complaint with defendant's father met the requirement of N.C.G.S. § 1A-1, Rule 4(j)(1)a that the paper be left at defendant's usual place of abode with some person of suitable age and discretion then residing therein, though the evidence tended to show that defendant and his father occupied separate houses, where it also tended to show that the houses were both owned by the father and located on a farm owned by the father; they were 60 to 100 yards from each other; only one road or driveway led to the farm and houses from a public road; there was only one mailbox for the two houses; the parents had access to defendant's house and he to theirs; defendant paid no rent and often took his meals with his parents; his mother regularly washed his clothes; and on an earlier occasion, a deputy sheriff took the drunk defendant to his parents' home.

APPEAL by defendant Billings from *Wood, Judge.* Order entered 11 July 1985 in Superior Court, WILKES County. Heard in the Court of Appeals 6 February 1986.

*Porter, Conner and Winslow, by Kurt R. Conner, for plaintiff appellee.*

*W. G. Mitchell and Ferree, Cunningham & Gray, by George G. Cunningham, for defendant appellant Keith Billings.*

PHILLIPS, Judge.

In this civil action for personal injuries arising out of an automobile accident the defendant Keith Billings was duly served with a copy of the summons and an order extending time to serve the complaint on the 7th day of August 1984. Thereafter, on 27 August 1984 plaintiff's complaint was filed in court along with a certificate of service indicating that a copy of the complaint was served on defendant Billings that day at his residence by leaving it with his father, who also resided therein. On 28 September 1984 defendant Billings moved to dismiss the action for insufficient service of process, alleging that the papers were not left at his residence, but at the residence of his father and that he did not receive the papers until nearly a month later. When the motion was denied defendant Billings appealed. The appeal is dismissible because it is from an interlocutory order that affects neither jurisdiction nor a substantial right. G.S. 1-277; *Love v. Moore*, 305 N.C. 575, 291 S.E. 2d 141 (1982). Personal jurisdiction over the defendant was established when the summons was served on him, *Childress v. Forsyth County Hospital Authority*, 70 N.C. App. 281, 319 S.E. 2d 329 (1984), and defendant would suffer no injury if the error claimed is not corrected until after the final judgment in the case is entered. *Love v. Moore, supra.* Nevertheless, we choose to resolve the contentions made, lest the plaintiff and the courts be troubled again with them later.

An approved method of serving process and other court papers on a defendant in a civil action is for an authorized process officer to leave the paper "at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." Rule 4(j)(1)a, N.C. Rules of Civil Procedure. That the deputy sheriff left the complaint with defendant Billings' father at the latter's house and that he is a person of "suitable age and discretion" to receive papers from a process server is conceded. The only question for determination is whether in leaving the papers with defendant's father the deputy

sheriff left them "at the defendant's dwelling house or usual place of abode with [one who was] then residing therein." In denying defendant's motion the trial judge found as a fact that he and his parents "lived on one farm which should be considered as one unit." If this finding by the court is supported by competent evidence, that resolves the matter. *Davison v. Duke University*, 282 N.C. 676, 712, 194 S.E. 2d 761, 783 (1973).

The evidence presented shows that: The house defendant Billings resides in is situated on a 63-acre farm in the Trap Hill community of Wilkes County and defendant's parents live in another house situated on the same farm. The houses are about 60 to 100 yards from each other. Both houses and the farm are owned by defendant's parents; only one road or driveway leads to the farm and houses from a public road; it passes the parents' house first and then the house defendant lives in. The farm and the houses have but one mailbox and the parents routinely take defendant's mail to the house he lives in. The parents have access to the house defendant lives in and he has access to the parents' house. Defendant pays no rent; he frequently takes his meals with his parents; and his mother regularly washes his clothes. On an earlier occasion a deputy sheriff took "Keith Billings when drunk to his parents home." In undertaking to serve the complaint on defendant a deputy sheriff went to the farm and left the papers with defendant's father who told him that defendant was not there and that he would give the papers to him. Construing the Rules of Civil Procedure liberally and practically, so as to avoid burdensome, pointless punctiliousness, as the General Assembly obviously intended, *see* J. Sizemore, *General Scope and Philosophy of the New Rules*, 5 Wake Forest L. Rev. 1, 6-7 (1969), we are of the opinion that the evidence before the court tends to show that defendant Billings and his parents do share the same dwelling and place of abode, although they occupy separate houses, and therefore that the service involved met the requirements of Rule 4(j)(1)a quoted above.

Affirmed.

Judges ARNOLD and EAGLES concur.