JAMES ANDREW WILSON v. STATE RESIDENCE COMMITTEE OF THE UNIVERSITY OF NORTH CAROLINA

No. 8815SC196

(Filed 20 December 1988)

1. Domicile § 6— university student—in-state status denied—evidence sufficient

There was substantial evidence upon which the State Residence Committee could base its decision to deny petitioner's request for in-state tuition status where petitioner was born and primarily educated in Tennessee; attended undergraduate school at the University of North Carolina at Chapel Hill; entered the Marine Corps after graduation and was later posted at Camp Le-Jeune; returned to North Carolina after his military service and was briefly enrolled at Coastal Carolina Community College, where he was classified as an in-state student; listed Tennessee as his domicile on military records; voted in a Tennessee election by absentee ballot while stationed in Beirut, Lebanon in 1984; listed Tennessee as his state of residence on his Law School Admissions Test in 1986; paid income taxes in Tennessee following his return to North Carolina after his military service; registered his motor vehicles in North Carolina in 1984 and obtained a state driver's license in 1986.

**2. Domicile § 6— State Residence Committee—not required to give reasons for decision**

    The trial court did not err by not requiring the State Residence Committee to give specific reasons for its decisions because the SRC is not governed by N.C.G.S. § 150B-36.

APPEAL by respondent from *Brannon, Judge.* Order entered 15 December 1987 in Superior Court, ORANGE County. Heard in the Court of Appeals 30 August 1988.

Petitioner, James Andrew Wilson, a law student at the University of North Carolina at Chapel Hill, applied for reclassification to in-state status for tuition purposes in March 1987. It was initially determined by the Assistant Dean that he was not a North Carolina resident and, therefore, not entitled to be reclassified.

Wilson appealed that decision to the University's Residence Status Committee (the Committee). The Committee affirmed the prior determination. Thereafter, Wilson appealed to the University's State Residence Committee (SRC) where again his request was denied.

Having exhausted all administrative remedies, Wilson filed suit in superior court pursuant to G.S. 150B-43 for review of the SRC's decision. The trial court reversed the Committee's decision and entered judgment for Wilson on the grounds that the SRC's determination was unsupported by substantial evidence in the record. The SRC appeals.

*Epting & Hackney, by Robert Epting, attorney for petitioner-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas J. Ziko and Associate Attorney General Valerie L. Bateman, for respondent-appellant.*

ORR, Judge.

[1] The first issue before this Court is whether, under the whole record test, there was substantial evidence upon which the SRC could base its decision to deny Wilson's request for in-state tuition status. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclu-

sion." *Comr. of Insurance v. Automobile Rate Office*, 287 N.C. 192, 205, 214 S.E. 2d 98, 106 (1975) (citation omitted).

A review of the evidence shows that Wilson, who at the time of this action was a resident of Carrboro, North Carolina was born and primarily educated in Tennessee. He attended undergraduate school at the University of North Carolina at Chapel Hill. After graduation he entered the United States Marine Corps and was later posted at Camp LeJeune. Following his military service, Wilson returned to North Carolina and was briefly enrolled at Coastal Carolina Community College where he was classified as an in-state student. In 1982, Wilson listed Tennessee as his domicile on military records. In 1984, he voted in a Tennessee election by absentee ballot while stationed in Beirut, Lebanon. In 1986, he listed Tennessee as his state of residence on his Law School Admissions Test application. Also, following his return to North Carolina after his military service, Wilson paid income taxes to Tennessee. He registered his motor vehicles in North Carolina in 1984 and he obtained a state driver's license in 1986.

In reaching its decision, appellant, State Residence Committee, evaluated Wilson's residency status in accordance with specific provisions contained in an SRC administrative manual which was written in compliance with G.S. 116-143.1, 150B-43 and 150B-51. The manual instructs the reviewing agency to determine, *inter alia,* whether the student's arrival into the state was coincidental with his enrollment in an institution of higher education.

For a person to have in-state status, they must have maintained a bona fide home in North Carolina for the twelve months immediately preceding the filing of a Residence Status Application. *See Hall v. Board of Elections*, 280 N.C. 600, 187 S.E. 2d 52 (1972). Appellant argues that there was substantial evidence to support its decision because, with the exception of registering his vehicles and being posted at Camp LeJeune, all of the facts which Wilson claims established his North Carolina residence occurred between August 1986 and March 1987. According to appellant, these acts occurred less than twelve months prior to Wilson's applying for reclassification.

Wilson contends that the evidence supports the single conclusion that he has maintained a home within the state since 1983. He points to his membership in a North Carolina professional as-

sociation, his registration of his vehicles and his acquisition of a state-issued driver's license as indicia of his intent to be a resident.

Admittedly, the whole record does not support the decision of the SRC to the exclusion of all other possible conclusions; however, the record does disclose substantial evidence which is sufficient to support the SRC's determination. The facts established that Wilson initially came to North Carolina to attend undergraduate school. Although he did return here after his military service, the SRC was required to consider all of the evidence when determining whether Wilson was a North Carolina resident for tuition purposes.

Wilson admitted that he changed his driver's license and vehicle registrations only as it became necessary to carry on his normal routines within the State. He explained that he listed his parents' address as his permanent residence because he assumed that they would always know how to contact him. He claims that he misunderstood the question and listed Tennessee as his residence by accident on his Law School Admissions Test application.

Previous decisions have supported the position that as between the agency which has expertise in its area and the reviewing court, the agency is in a better position to "determine the weight and sufficiency of the evidence and the credibility of the witnesses . . . ." *Comr. of Insurance v. Rate Bureau*, 300 N.C. 381, 406, 269 S.E. 2d 547, 565, *pet. reh'g denied*, 301 N.C. 107, 273 S.E. 2d 300 (1980). Furthermore, if there is sufficient competent evidence which rationally supports the agency's decision, a court may not substitute its judgment for that of the agency "even though the court could justifiably have reached a different result. . . ." *Thompson v. Board of Education*, 292 N.C. 406, 410, 233 S.E. 2d 538, 541 (1977) (citation omitted).

The evidence contained in the record before us is sufficient to support the SRC's decision that Wilson was not a North Carolina resident at least twelve months before applying for reclassification. The court below therefore erred in reversing the decision of the SRC.

[2] Finally, we have considered Wilson's claim that the court below erred in not requiring the SRC to give specific reasons for

its decisions. The section of the North Carolina statute which is dispositive of this issue is section 150B-1(d). This statute gives to the University of North Carolina and its constituent or affiliated boards or agencies and institutions an express exemption from the entire Administrative Procedure Act. Although the provisions requiring judicial review of final administrative decisions are applicable, the SRC is not governed by G.S. 150B-36, the provision which requires agencies to state reasons for their decisions. Therefore, Wilson is not entitled to the explanation which he requested, and we will not disturb the decision of the superior court on that particular issue.

Reversed in part. Affirmed in part.

Judges EAGLES and SMITH concur.