WILLIE T. GLOVER, Plaintiff v. ANNIE G. FARMER, RUTH FARMER, and CUYLER M. FARMER, Defendants

No. COA96-1194

(Filed 7 October 1997)

**Process and Service § 107 (NCI4th)— service of process on visiting adult daughter—sufficient**

The trial court erred in a negligence action arising from an automobile accident by concluding that service of process on defendants was insufficient where the deputy sheriff served defendants by giving the summons and complaint to their adult daughter, who was staying with them during a week-long visit. Whether a person is a resident of a particular place is not determined by any given formula, but rather depends significantly on

GLOVER v. FARMER

[127 N.C. App. 488 (1997)]

the facts and circumstances surrounding the particular issue. The requirement of N.C.G.S. § 1A-1, Rule 4(j)(1)(a) that a summons and complaint be served on "some person of suitable age and discretion then residing therein . . ." is broad enough to include an adult daughter staying with her parents during her visit that week. Furthermore, upon inquiry by the deputy sheriff, defendants' daughter stated that she resided at her parents' home, thus indicating that she considered herself to be residing at her parents' home at that time.

Appeal by plaintiff from orders entered 12 March and 2 April 1996 by Judge E. Lynn Johnson in Wake County Superior Court. Heard in the Court of Appeals 18 August 1997.

*Amos E. Link, Jr. for plaintiff-appellant.*

*Bailey & Dixon, L.L.P., by Kenyann G. Brown, for defendant-appellees.*

WALKER, Judge.

Plaintiff filed a negligence action against defendants on 27 July 1994, seeking damages for injuries sustained as a result of an automobile accident which occurred on 14 December 1992. The summonses were returned indicating both defendants Annie G. Ruth Farmer and Cuyler M. Farmer (Note: Annie G. Farmer and Ruth Farmer are the same person) were served on 10 August 1994 "by leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein." The summonses further indicated the person with whom the copies were left was "Kimberly Zino, 2835 Tilghman Road, Wilson, N.C." Both summonses were served by Deputy Sheriff Louise Morton of the Wilson County Sheriff's Department.

On 10 October 1994, defendants filed an answer which, among other defenses, alleged insufficient service of process and lack of personal jurisdiction. However, no affidavits in support of this allegation were filed at that time. On 16 January 1996, the defendants filed a motion to dismiss along with the affidavits of defendant Annie Ruth Gardner Farmer and Kimberly Zino, daughter of the defendants.

These affidavits tended to show the following: both defendants lived at 2835 Tilghman Road, Wilson, North Carolina on 10 August

1994; defendants were away from home on said date; defendants' daughter, Kimberly Zino, was visiting with them for one week, but that she was a resident of South Carolina on 10 August 1994.

In response to the motion, plaintiff filed the affidavit of Deputy Sheriff Louise Morton. Deputy Morton stated that she went to 2835 Tilghman Road, Wilson, North Carolina on 10 August 1994 to serve the summonses and complaint on each of the defendants. As she approached the residence, she was met by Kimberly Zino who indicated to the deputy that she resided at 2835 Tilghman Road. Further, Deputy Morton stated that she would not have served the summonses on Ms. Zino had she been advised by Ms. Zino that she did not reside at the Tilghman Road residence.

The matter was heard on 19 February 1996 and the trial court granted defendants' motion to dismiss plaintiff's claim on the basis of insufficient service of process and lack of personal jurisdiction.

The issue on appeal is whether the trial court committed reversible error in dismissing plaintiff's claim for lack of personal jurisdiction over the defendants for insufficient service of process.

It is well established that a court may obtain personal jurisdiction over a defendant only by the issuance of summons and service of process by one of the statutorily specified methods. *See Roshelli v. Sperry,* 57 N.C. App. 305, 291 S.E.2d 355 (1982). Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed. *Sink v. Easter,* 284 N.C. 555, 561, 202 S.E.2d 138, 143 (1974).

N.C. Gen. Stat. § 1A-1, Rule 4 (j)(1)(a) (1996 Cum. Supp.) provides that a natural person my be served as follows:

By delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion *then residing therein;. . . .*

(emphasis added.)

Defendants argue that Ms. Zino was a resident of South Carolina and was only visiting her parents' home during the week of 10 August 1994. Therefore, Ms. Zino was not residing in the defendants' home and plaintiff's attempt at service of process by delivering the summonses and complaint to her was clearly insufficient to afford personal jurisdiction over defendants. Defendants further assert that it is

irrelevant that Deputy Morton testified through her affidavit that she was informed by Ms. Zino that she was a resident of 2835 Tilghman Road.

On the other hand, plaintiff contends there is no evidence contradicting Deputy Morton's affidavit and that there was no practical manner in which Deputy Morton could have ascertained that Ms. Zino did not reside at the defendants' address other than inquiring of her, which the deputy did. Further, plaintiff contends that defendants should be estopped from asserting their objection to insufficiency of process and lack of personal jurisdiction as this case had proceeded with depositions, a mediation conference, and was scheduled for trial in the Wake County Superior Court on 25 September 1995. However, the trial was continued.

Our Supreme Court, with Justice Ervin writing for the Court, in trying to determine where the defendant resided, stated:

> It was well said by the late Justice Oliver Wendell Holmes that 'a word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and time in which it is used.' This aphorism finds abundant exemplification in the word 'residence,' which has many shades of meaning, ranging all the way from mere temporary presence to the most temporary abode. 'Residence' is sometimes synonymous with 'domicile.' But when these words are accurately and precisely used, they are not convertible terms. 'Residence' simply indicates a person's actual place of abode, whether permanent or temporary; 'domicile' denotes a person's permanent dwelling-place, to which, when absent, he has the intention of returning. Hence, a person may have his residence in one place, and his domicile in another. (citations omitted.)

*Sheffield, et al. v. Walker, et al.,* 231 N.C. 556, 559, 58 S.E.2d 356, 359 (1950). *See also, Davis v. Maryland Casualty Company,* 76 N.C. App. 102, 331 S.E.2d 744 (1985); *Burke v. Harrington,* 35 N.C. App. 558, 241 S.E.2d 715 (1978). Thus, whether a person is a resident of a particular place is not determined by any given formula, but rather depends significantly on the facts and circumstances surrounding the particular issue.

Here, Ms. Zino received copies of the summonses and complaint from Deputy Morton after she responded that she resided at 2835

Tilghman Road, her parents' address. Ms. Zino was in fact staying with her parents during this time.

In the case of *M. Lowenstein & Sons, Inc. v. Austin*, 430 F. Supp. 844 (S.D.N.Y. 1977), a United States Marshall served the summons and complaint on the defendant's 21-year-old daughter at the undisputed residence of the defendant in Myrtle Beach, South Carolina. *Id.* at 845. Defendant argued that service was insufficient because his daughter was at his residence visiting from school in Memphis, Tennessee, and thus, she was not a person "then residing" at his residence. *Id.* The court rejected the defendant's reasoning and held that "Rule 4(d)(1) is broad enough to include a student returning home from college to stay at least overnight at her parents' residence" and that personal jurisdiction was obtained over the defendant. *Id.*

The facts of our case are similar to those found in *Lowenstein.* Further, Rule 4(d)(1) of the Federal Rules of Civil Procedure (in pertinent part) contains the same language as does our Rule 4(j)(1)(a) at issue in the instant case. Thus, we conclude the requirement of Rule 4(j)(1)(a) that the summons and complaint be served on "some person of suitable age and discretion then residing therein . . ." is broad enough to include an adult daughter staying with her parents during her visit that week. Therefore, the trial court erred in concluding that Ms. Zino did not reside in defendants' home within the meaning of N.C. Gen. Stat. § 1A-1, Rule 4 (j)(1)(a). *See Bowers v. Billings*, 80 N.C. App. 330, 342 S.E.2d 58 (1986) (Rules of civil procedure should be construed liberally and practically).

Further, Ms. Zino's response to Deputy Morton's inquiry that she resided at defendants' home is also an indication that Ms. Zino considered herself to be residing at her parents' home at this time.

We hold that service of process on each of the defendants complied with the requirements of Rule 4 (j)(1)(a) and the trial court erred in concluding otherwise. The order dismissing plaintiff's claim against both defendants is

Reversed.

Chief Judge ARNOLD and Judge SMITH concur.