A. M. CHINNIS v. MAY WRIGHT COBB, BEVERLY C. COBB, MARGARET C. COBB, MAY COBB BUTT, AND KATHERINE C. PICKETT.

(Filed 20 May, 1936.)

**1. Wills E b——Devise in this case held to create spendthrift trust.**

A devise to the testatrix' grandson to be held by him in trust for testatrix' daughter, with direction that he should pay the income arising therefrom to testatrix' daughter during her lifetime, but that neither the income nor the *corpus* of the estate should be liable for the debts of the daughter, existing or thereafter contracted, but that the income should be used for the maintenance and support of the daughter during her lifetime, and after her death the *corpus* to be equally divided among the daughter's children, *is held* to create a valid spendthrift trust under the provisions of C. S., 1742, the income therefrom being less than five hundred dollars a year. The prerequisites for the creation of a valid spendthrift trust discussed by DEVIN, J.

**2. Trusts B a—**

The statute of uses, C. S., 1740, converting the beneficial use into the legal ownership and uniting the legal and equitable titles, applies only to simple or passive trusts and not to active trusts.

**3. Same—**

A spendthrift trust directing the trustee to collect the rents and profits and pay same over to the beneficiary is an active trust so far as the *corpus* of the estate is concerned, upon which the statute of uses, C. S., 1740, does not operate to unite the beneficial and legal interests.

**4. Attachment B b—**

The interest of the *cestui que trust* in a spendthrift trust is not subject to attachment, C. S., 798, *et seq.*, since by express provision of C. S., 1742, the property is not liable for the debts of the *cestui que trust* in any manner.

**5. Attachment B a: Wills E b—Where will is probated devising all the property, attachment against heir prior to probate is invalid.**

Plaintiff attached property which had belonged to defendant's mother prior to her death. Thereafter, within one year after the death of defendant's mother, the will was probated in the county, which will devised the property in trust for defendant under a spendthrift trust. *Held:* Defendant took nothing as heir at law of her mother, and her interest in the land under the spendthrift trust was not subject to attachment, and the fact that the attachment was attempted to be levied prior to the probate of the will created no lien on the land.

**6. Parties A a: Trusts G a—Trustee of spendthrift trust may defend action seeking to enforce claim against cestui.**

The trustee of a spendthrift trust may defend an action seeking to attach the interest of the *cestui que trust*, both in the Superior Court and in the Supreme Court on appeal, without the appearance of the *cestui*, the preservation and protection of the property being incumbent upon him under the terms of the trust.

APPEAL by defendants, other than May Wright Cobb, from *Williams, J.,* at December Term, 1935, of NEW HANOVER. Reversed.

Motion to vacate an attachment levied on an interest in certain real property in the city of Wilmington, North Carolina, as the property of defendant May Wright Cobb.

The facts, as they appear from the pleadings and findings of fact of the court below, are substantially as follows:

All the defendants are nonresidents of North Carolina.

The plaintiff, a resident of Brunswick County, North Carolina, is the owner and holder of seven bonds of one thousand dollars each, executed by defendant May Wright Cobb and secured by deed of trust, executed by her and her codefendants, on certain real property in the city of Norfolk, Virginia. From foreclosure sale of said property in 1935,

credits were applied on the bonds held by plaintiff, leaving a balance of about five thousand dollars due and unpaid. Katherine F. Wright, a resident of Virginia, mother of defendant, May Wright Cobb, and grandmother of the other defendants, died 17 March, 1935, seized and possessed of real and personal property, including the real estate in the city of Wilmington, North Carolina, an interest in which was sought to be attached in this action. The said Katherine F. Wright left a last will and testament, which was duly probated and is now of record in New Hanover County. Item 3 of the will is as follows:

"The residue of my estate of whatsoever kind shall be divided in five equal shares. To each of my children, James F. Wright, Lucy Wright Hatcher, Lois Wright, and Thomas Hasel Wright, I give absolutely one of said shares. The remaining one-fifth share of my estate I give to Beverly C. Cobb, my grandson, said share, however, to be held by him in trust for my daughter, May Wright Cobb, and he shall pay the income arising therefrom to my said daughter during her lifetime, but during the life of this trust the *corpus* of the estate shall not be sold nor the income therefrom taken for the debts of the said May Wright Cobb, nor be liable for any indebtedness which she now may owe or hereafter contract, it being my express intention that the bequest made for the benefit of the said May Wright Cobb is to be used solely for her support and maintenance during her natural life and to be free from the claims of her creditors. At the death of my daughter, May Wright Cobb, I direct the said fifth share to be divided equally among Margaret C. Cobb, May Cobb Butt, Beverly C. Cobb, and Katherine C. Pickett, the children of my daughter, May Wright Cobb."

On 8 November, 1935, this action was instituted, and at the same time warrant of attachment was issued and levied on the interest of May Wright Cobb in the Wilmington real property and publication of summons and warrant of attachment, under order, was begun. On 7 December, 1935, the said will of Katherine F. Wright was duly recorded in New Hanover County.

No personal service was had on any of the defendants.

The defendants entered special appearance and moved to dismiss the action for want of prosecution bond, but upon sufficient finding this motion was denied. At the same time the defendants, other than May Wright Cobb, entered special appearance and moved to vacate the attachment.

The court below found that Katherine F. Wright left surviving her five children, including defendant May Wright Cobb, and that the other defendants are said May Wright Cobb's only children. The court further found that the undivided one-fifth interest of the property of the

testatrix situated in North Carolina does not and has not for more than a year yielded an annual income as much as five hundred dollars.

The court further being of opinion that the said will did not create a valid spendthrift trust under the law of North Carolina, denied the motion to vacate the attachment and dismiss the action, and from this ruling defendants, other than May Wright Cobb, appealed.

*Isaac C. Wright for plaintiff.*
*E. K. Bryan and Beverly C. Cobb for defendants.*

DEVIN, J.    The first question presented by this appeal is whether the will of Katherine F. Wright created a spendthrift trust under the law of North Carolina.

The prerequisites for the creation of a valid spendthrift trust have been stated as follows:

(1) The legal title must be vested in a trustee; (2) the gift to the beneficiary must be only of income, and he must take no estate, have no power of alienation, no right to possession, no beneficial interest in the property save the qualified right to support and an equitable interest in the income; and (3) the trust must be an active one.   *Kessner v. Phillips,* 189 Mo., 515, 25 R. C. L., 356-57; 65 C. J., 233.

It is not necessary that the *cestui que trust* be denominated nor in fact be a spendthrift.   Perry on Trusts, sec. 386 (a).

The court will not inquire into the reason or wisdom of the creation of a spendthrift trust.   65 C. J., 233.   The trust is upheld not out of consideration for the beneficiary, but for the protection of the right of a competent devisor to dispose of his property to whom and in any manner he sees fit, not repugnant to law.   To hold otherwise would impair the testator's statutory right to dispose of his property to take effect after death.   *In re Morgan,* 223 Pa., 228; 65 C. J., 239.

In North Carolina the right to create a spendthrift trust is specifically recognized and the limitations upon and the incidents to its exercise are set forth in C. S., 1742, as follows:

"It is lawful for any person by deed or will to convey any property, which does not yield at the time of the conveyance a clear annual income exceeding five hundred dollars, to any other person in trust to receive and pay the profits annually or oftener for the support and maintenance of any child, grandchild, or other relation of the grantor, for the life of such child, grandchild, or other relation, with remainder as the grantor shall provide; and the property so conveyed shall not be liable for or subject to be seized or taken in any manner for the debts of such child, grandchild, or other relation, whether the same be contracted or incurred before or after the grant."

This statute has been often considered and applied by this Court.

In *Lummus v. Davidson,* 160 N. C., 484, the devise to a trustee of a certain lot and building in the city of Charlotte was expressed to be in trust for the following purposes: "To collect the rents and profits arising therefrom and pay the same over to my son," with certain deductions for taxes and repairs. This was held to be an active trust and the property not subject to levy and sale on execution.

While the Statute of Uses, 27 Hen. VIII, now in force in North Carolina and codified as C. S., 1740, converted the beneficial use into the legal ownership and united the legal and equitable estates in the beneficiary, this rule applies only to passive or simple trusts and not to active trusts. *Lee v. Oates,* 171 N. C., 717; *Patrick v. Beatty,* 202 N. C., 454.

An active trust is one where there is a special duty to be performed by the trustee in respect to the estate, such as collecting the rents and profits, or selling the estate, or the execution of some particular purpose. Tiedeman on Real Property, sec. 494; *Perkins v. Brinkley,* 133 N. C., 154.

In Underhill on Wills, sec. 773, quoted with approval in *Lummus v. Davidson, supra,* we find this language: "In other words, when any control is to be exercised or any duty performed by the trustee, however slight it may be, . . . the trust is active." Since it would be impossible for the trustee to perform the duties imposed upon him unless permitted to retain the legal estate in himself, equity will not permit it to be transferred to the beneficiary under the statute of uses.

An illustration of an active trust is found in *Cole v. Bank,* 186 N. C., 514, where a fund was directed by will to be placed in a bank with directions to pay the interest to a son of the testator. It was held this in effect appointed the bank a trustee, and that it was an active trust and not a gift of the *corpus. Rouse v. Rouse,* 167 N. C., 208.

The distinction between an active and passive trust is clearly pointed out in *Patrick v. Beatty, supra.*

In *Fowler v. Webster,* 173 N. C., 442, there was a proceeding to garnishee the trustee in order to subject the income resulting from the fund in his hands to the payment of a debt of the *cestui que trust,* who was a nonresident. But it was held that the trust was created in compliance with the object and language of the statute authorizing spendthrift trusts (C. S., 1742), and that garnishment would not lie. In the opinion of the Court, written by *Chief Justice Clark,* in that case it is stated:

"The language of this trust is not to receive and pay the profits annually to W. M. Webster, which would make it a passive trust as to the income, but the language is 'to receive and pay the profit for the support and maintenance of my son during his lifetime.' This is, therefore, an active trust in regard to income as well as to the *corpus* of the fund."

In the instant case the property was devised to the trustee to be held in trust to pay the income to the beneficiary during her lifetime (with remainder over) "to be used solely for her support and maintenance," and the attachment was levied not upon the income but upon the *corpus,* the real estate itself.

We conclude that the devise created a valid spendthrift trust under the statute, which equity will not permit to be disregarded.

2. Is the beneficiary's interest in the property in North Carolina subject to attachment?

Attachment had its origin in the civil law and was resorted to in order to compel the attendance of the debtor as well as to afford a security to the creditor. *Grocery Co. v. Bag Co.,* 142 N. C., 174.

Under the code it is not an original proceeding, but ancillary to a pending action, and is intended to bring property of the defendant within the custody of the court and to apply it to the satisfaction of a judgment rendered in the action. It is a proceeding *in rem,* or *quasi in rem,* and the court, in the absence of personal service of process, can only proceed against the property attached. It is in the nature of a preliminary execution against the property, not so much to compel the appearance of the defendant as to afford satisfaction of plaintiff's claim. McIntosh, 920; *Mohn v. Cressey,* 193 N. C., 568; *Johnson v. Whilden,* 166 N. C., 104; *Currie v. Mining Co.,* 157 N. C., 209. Attachment has been called execution in anticipation. Attachment laws are "legal modes of acquiring title to property by operation of law. *Green v. Van Buskirk,* 7 Wall., 139. Only that property which may become subject to execution is attachable. *Willis v. Anderson,* 188 N. C., 479.

In C. S., 678, it is provided that upon sale under execution of trust estates whereof the judgment debtor is beneficiary, the purchaser holds the property discharged from all encumbrances of the trustee. But in *Mayo v. Staton,* 137 N. C., 670, it was held that this statute did not apply to an active trust, and that the trustee's estate could not be divested by execution sale. *Evans v. Brendle,* 173 N. C., 149; *Hardware Co. v. Lewis,* 173 N. C., 290.

Attachment may be levied on land as under execution, and whatever interest the debtor has subject to execution may be attached, but the debtor must have some beneficial interest in the land. *Willis v. Anderson, supra.*

It is expressly provided by our statute, C. S., 1742, on spendthrift trusts that the property so conveyed in trust "shall not be liable for or subject to be seized or taken in any manner for the debts" of the *cestui que trust,* "whether the same be contracted or incurred before or after the grant."

Hence, it follows that property conveyed to a trustee in trust for the purposes permitted by the statute, C. S., 1742, is not subject to attachment in a suit against one for whose benefit the trust was created.

(3) The fact that the attachment was attempted to be levied on the interest of May Wright Cobb in the real property in question before the will of the testatrix was recorded could not have the effect to establish a lien thereon contrary to the expressed will of the devisor, who had the unquestionable right to dispose of her property as she saw fit.

Even a conveyance by May Wright Cobb could not have affected the testamentary disposition of the owner of the land. Nor could this result be accomplished by levying an attachment before the will was recorded. Upon the probate and filing of the will of the testatrix, within less than a year of her death, the property passed to her devisee, and there was in law no interest therein in May Wright Cobb upon which a valid attachment could be levied. As heir she could take only undevised property. *Gosney v. McCullers,* 202 N. C., 326.

(4) Can the question of the invalidity of the attachment levied on property as that of May Wright Cobb be presented to this Court on an appeal by the trustee?

We think so. The defendant Beverly C. Cobb, trustee, and the named defendants, other than May Wright Cobb, have entered general appearance in this case and are now in court. The defendant May Wright Cobb entered special appearance in the court below only for the purpose of moving to dismiss the action for lack of prosecution bond. She did not join in the motion to vacate the attachment, nor did she appeal from the judgment denying the motion.

But it is not only the right but the duty of a trustee to protect and defend the title to the trust estate. He is not only a proper party but a necessary party. He holds the property under the will as trustee for the purposes expressed in the devise. He holds it in trust for all the *cestuis que trustent,* the ultimate beneficiaries, in remainder as well as for the benefit of May Wright Cobb. In order to carry out the purposes of the trust and perform the duties imposed upon him, it is incumbent on him to preserve and protect the trust property, and for that purpose may appear and defend the action for all purposes in this Court as well as the court below. 26 R. C. L., 1281; 2 Beach on Trusts, sec. 501; I Perry on Trusts, sec. 328; 65 C. J., 694.

We conclude, therefore, that there was error in declining to vacate the attachment, and in that respect the judgment of the Superior Court is

Reversed.