VINSON REALTY CO., INC. v. CLAES CORNELIS HONIG, PAUL HONIG, ALEXANDER HONIG AND ELIZABETH VAN RAPPARD HONIG

No. 8726SC436

(Filed 15 December 1987)

1. **Attachment § 2— property owned by resident and nonresidents—attachment order against resident based on nonresident status**

    The trial court erred by not dissolving an order of attachment issued under N.C.G.S. § 1-440.3(1) as to defendant Claes Cornelis Honig where it was clear that his actual place of residence was in North Carolina, although his domicile might be elsewhere.

2. **Attachment § 3— property jointly owned by nonresident and resident defendants—nonresident property interest subject to attachment**

 The property interests of three nonresident defendants were subject to attachment where legal title to the property was held by a resident defendant as an agent; the beneficial interest of the principal is subject to execution, and is therefore subject to attachment. N.C.G.S. § 1-315(a)(4).

3. **Attachment § 3— jointly owned property—nonresident property interest subject to attachment**

 Where property was jointly owned by a resident and three nonresident defendants, the property interest of the three nonresidents could be attached. N.C.G.S. § 1-440.3(1).

APPEAL by defendants from *Burroughs, Judge.* Order entered 23 March 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 29 October 1987.

Plaintiff brought this action seeking to recover a commission allegedly due it for real estate brokerage services rendered in connection with the sale of real estate owned by defendants. Ancillary to this action, plaintiff commenced an attachment proceeding, alleging that grounds for attachment exist under G.S. 1-440.3(1) because the defendants are nonresidents of this State. On 5 December 1986, an order of attachment was entered, pursuant to which the Sheriff of Mecklenburg County attached certain real property in Mecklenburg County. Record title to the attached property is held in the name of "Claes Cornelis Honig, Agent."

On 27 January 1987, defendants moved for dissolution of the order of attachment, alleging that Claes Cornelis Honig is a resident of Mecklenburg County. Defendants filed affidavits and answers to interrogatories disclosing, *inter alia,* that Claes Cornelis Honig is a citizen of The Netherlands, but lives in Charlotte with his wife and three children in a house which he purchased in 1985. He has maintained an office in Charlotte since 1979, pays *ad valorem* taxes in Mecklenburg County, and pays income taxes to the United States and the State of North Carolina. His children are enrolled in school in Mecklenburg County; his wife is a student at The University of North Carolina at Charlotte. Claes Cornelis Honig's five-year E-2 visa was renewed in June 1986. Defendant Paul Honig is a resident of South Africa, defendants Alexander Honig and Elizabeth Van Rappard Honig are residents of The Netherlands. Pursuant to an agency agreement dated 1

August 1980, Claes Cornelis Honig is empowered to act as agent for himself and the other defendants in matters pertaining to the acquisition, management and sale of various properties in North America, including the properties attached in this action, and to hold title to the properties in his individual name as agent. Claes Cornelis Honig owns a 28.87% interest in the property attached; the remaining interest in the property is held by the other three defendants in shares not disclosed by the record.

After hearing the motion to dissolve the attachment, the trial court found facts consistent with those summarized above, concluded that all defendants are nonresidents of North Carolina and that attachment of their property is authorized by G.S. 1-440.3(1). From an order denying their motion to dissolve the attachment, defendants appeal.

*Ruff, Bond, Cobb, Wade & McNair, by Robert S. Adden, Jr., and Thomas C. Ruff, for plaintiff-appellee.*

*Craighill, Rendleman, Ingle & Blythe, P.A., by John R. Ingle, for defendants-appellants.*

MARTIN, Judge.

Defendants assign error to the denial of their motion to dissolve the order of attachment. They argue that the trial court's findings of fact do not support its conclusion that Claes Cornelis Honig is a nonresident of this State, and that since legal title to the property is held by him as agent, there are no grounds for attachment pursuant to G.S. 1-440.3(1). We agree that the facts found by the trial court do not support its conclusion that Claes Cornelis Honig is a nonresident. However, we hold that the trial court properly denied the motion to dissolve the order of attachment as to the interests in the subject property belonging to the three nonresident defendants.

G.S. 1-440.3 provides:

In those actions in which attachment may be had under the provisions of G.S. 1-440.2, an order of attachment may be issued when the defendant is

(1) A nonresident . . . .

Traditionally, residence is taken to signify one's place of actual abode, whether it be temporary or permanent. *Hall v. Wake Co. Board of Elections*, 280 N.C. 600, 187 S.E. 2d 52 (1972), *modified on other grounds by Lloyd v. Babb*, 296 N.C. 416, 251 S.E. 2d 843 (1979); *Sheffield v. Walker*, 231 N.C. 556, 58 S.E. 2d 356 (1950). "Residence" is thus distinguished from "domicile," which indicates one's permanent abode, to which, when absent, one intends to return. *Hall, supra; Sheffield, supra.* Although the two terms have sometimes been used interchangeably, and although the statutory use of "residence" has sometimes been construed to mean "domicile," *see Hall, supra; Martin v. Martin*, 253 N.C. 704, 118 S.E. 2d 29 (1961); *Rector v. Rector*, 4 N.C. App. 240, 166 S.E. 2d 492 (1969), the two terms are quite distinct.

> Precisely speaking, *residence* and *domicile* are not convertible terms. A person may have his residence in one place and his domicile in another. Residence simply indicates a person's actual place of abode, whether permanent or temporary. Domicile denotes one's permanent, established home as distinguished from a temporary, although actual, place of residence. When absent therefrom, it is the place to which he intends to return (*animus revertendi*); it is the place where he intends to remain permanently, or for an indefinite length of time, or until some unexpected event shall occur to induce him to leave (*animus manendi*). Two things must concur to constitute a domicile: First, residence; second, the intent to make the place of residence a home.

*Hall, supra* at 605-06, 187 S.E. 2d at 55 (emphasis original).

It has been held that the proper determination to be made regarding attachment is residence, not domicile. *Brann v. Hanes*, 194 N.C. 571, 140 S.E. 292 (1927). There, the Supreme Court said that

> one may have his domicile in North Carolina, and his residence elsewhere, and that, therefore, where one voluntarily removes from this to another State, for the purpose of discharging the duties of an office of indefinite duration, which requires his continued presence there for an unlimited time, such person is a nonresident of this State for the purpose of attachment, notwithstanding he may visit the state and have the intent to return at some time in the future.

*Id.* at 574, 140 S.E. at 294. This construction is consistent with one of the purposes of attachment of the property of a nonresident, which is to enable the court to gain jurisdiction over one who otherwise is without the boundaries of this State. *Id.; see also Hutchison v. Bank of North Carolina*, 392 F. Supp. 888 (M.D.N.C. 1975).

[1] Applying the foregoing rules of law to the facts found by the trial court in the present case, it is clear that Claes Cornelis Honig's actual place of residence is in North Carolina, though his domicile may be elsewhere, because he actually resides in this State. Thus, the trial court erred in concluding that he is a nonresident and that his interest in the subject property may be attached pursuant to G.S. 1-440.3(1).

[2] Without question, the other three defendants are nonresidents. The issue is whether their interest in the property may be attached since legal title to the property is held by the resident defendant as "agent." Defendants contend that because Claes Cornelis Honig owns a 28.87% interest in the property and holds title as agent for himself and the other defendants, both the "legal title to and control of the property attached are vested in a resident" of this State and the property may not be attached. We disagree.

Any of a nonresident defendant's property within this State which is subject to levy under execution or is subject to the satisfaction of a judgment for money is also subject to attachment. G.S. 1-440.4.

> [Attachment] is intended to bring property of the defendant within the custody of the court and to apply it to the satisfaction of a judgment rendered in the action. . . . It is in the nature of a preliminary execution against the property, not so much to compel the appearance of the defendant as to afford satisfaction of plaintiff's claim. (Citations omitted). Attachment has been called execution in anticipation. . . . Only that property which may become subject to execution is attachable.

*Chinnis v. Cobb*, 210 N.C. 104, 109, 185 S.E. 638, 641-42 (1936). "Attachment may be levied on land as under execution, and whatever interest the debtor has subject to execution may be attached, but

the debtor must have some beneficial interest in the land." *Id.* at 109, 185 S.E. at 642.

Although Claes Cornelis Honig holds legal title to the property, he holds it as "agent." The record discloses that he received title as "agent" for himself and the three nonresident defendants. By authorizing Claes Cornelis Honig to hold the property as their agent, the other three defendants, as principals, did not surrender their ownership interests in the property; the agency agreement expressly provides that it is terminable as to any principal upon written notification to the agent. "The appointment of an agent does not divest the owner of his property rights." *Morton v. Thornton,* 259 N.C. 697, 700, 131 S.E. 2d 378, 381 (1963). Rather, an agent who receives or holds title to land for his principal holds the title as trustee for the principal. RESTATEMENT (SECOND) OF AGENCY, § 423, comment a (1957). The beneficial interest of the principal is subject to execution, *see* G.S. 1-315(a)(4), and, therefore, is subject to attachment. If it were otherwise, a nonresident could, by merely causing title to real property acquired by him in this State to be taken in the name of another as his agent, prevent a judgment creditor in this State from satisfying the judgment debt by execution upon the property.

[3] Finally, defendants argue that because one of the joint defendants is a resident of North Carolina, attachment is not available as to any defendant on the grounds of nonresidence. Again we disagree. G.S. 1-440.3(1) authorizes attachment of the property of a nonresident defendant; it does not require that all codefendants be nonresidents in order for the property of those defendants who are nonresidents to be attached. Thus, although Claes Cornelis Honig's interest in the subject property may not be attached because he is a resident of this State, the interests of the three nonresident defendants in the property may be attached "in order that it may subsequently be applied to the satisfaction of any judgment for money which may be rendered against the defendant in the principal action." G.S. 1-440.1(a).

For the reasons stated, we hold that the order of the superior court must be reversed, and the order of attachment dissolved, as those orders apply to the undivided interest of Claes Cornelis Honig in the real property involved in this proceeding. However, the superior court's order denying the motion to dissolve the

order of attachment as to the individual interests of Paul Honig, Alexander Honig, and Elizabeth Van Rappard Honig is affirmed.

Affirmed in part, reversed in part.

Judges EAGLES and PARKER concur.