**CHAPEL HILL-CARRBORO CITY SCHOOLS SYSTEM v. CHAVIOUX**

[116 N.C. App. 131 (1994)]

such is not the case in this instance. *See Aikens v. Ludlum,* 113 N.C. App. 823, 826, 440 S.E.2d 319, 321 (1994) (offer of "$10,001 . . . together with the remaining cost accrued" did not preclude assessment of interest in addition to $10,001). I would therefore reverse the trial court and remand for entry of a judgment granting the plaintiff prejudgment interest consistent with N.C. Gen. Stat. § 24-5(b).

———————————

CHAPEL HILL-CARRBORO CITY SCHOOLS SYSTEM v. SANDRA W. CHAVIOUX

No. 9310DC222

(Filed 16 August 1994)

**Schools § 86 (NCI4th)— child domiciled outside school district but residing inside district—no recovery of tuition from mother**

Although defendant and her daughter were domiciled outside plaintiff board of education's administrative unit, the daughter resided within that unit; therefore, plaintiff was not entitled to recover out-of-district tuition from defendant because plaintiff was only empowered to charge tuition to students who did not reside within its administrative unit. N.C.G.S. § 115C-366.1.

**Am Jur 2d, Schools § 212.**

**Determination of residence or nonresidence for purpose of fixing tuition fees or the like in public school or college. 83 ALR2d 497.**

Appeal by plaintiff from order entered 11 December 1992 by Judge Stafford G. Bullock in Wake County District Court. Heard in the Court of Appeals 5 January 1994.

Plaintiff instituted this action to recover out-of-district tuition from defendant, who is domiciled in Wake County, for her child who resides and attends school within plaintiff's administrative unit. Following a hearing on 3 December 1992, the trial court entered an order on 11 December 1992, ruling that plaintiff recover nothing of defendant. From this order, plaintiff appeals.

*John G. McCormick, P.A., by John G. McCormick and Eric W. Hinson, for plaintiff-appellant.*

*No brief for defendant-appellee.*

McCRODDEN, Judge.

Plaintiff presents two arguments based upon two assignments of error: (1) that the trial court's order did not contain adequate findings of fact or conclusions of law and (2) that the trial court erred in denying plaintiff the relief sought. Although we agree that the trial court's order was inadequate for purposes of appellate review, we find that plaintiff's allegations, both in its complaint and in its brief, acknowledge facts sufficient for our determination of the issue.

The trial judge's order reads as follows:

THIS MATTER COMING ON FOR HEARING and having been heard by the undersigned Judge, sitting without a jury, at the December 3, 1992, Civil Session of the District Court and

This matter appearing on the regular printed calendar, copies of which were mailed to both parties as Notice of the hearing, and

The plaintiff was represented by counsel; the defendant was not present for trial but the defendant's spouse was present Pro Se, and

Upon call of the case for trial the defendant's spouse requested a continuance, which was denied.

Having reviewed the pleadings and having heard the evidence the Court concludes that the plaintiff should recover nothing of the defendant.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the plaintiff recover nothing of the defendant.

This the 11th day of December, 1992.

Rule 52 of the North Carolina Rules of Civil Procedure requires that in all actions tried upon the facts without a jury, "the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." N.C. Gen. Stat. § 1A-1, Rule 52(a) (1990). A bare conclusion such as the one in this case does not meet the requirements of Rule 52(a)(1). *See Hinson v. Jefferson*, 287 N.C. 422, 429, 215 S.E.2d 105, 107 (1975). We cannot deter-

mine what the judge's factual and legal grounds for his judgment were and, thus, may not review it on appeal. But for the plaintiff's allegation of facts sufficient for our determination, we would have to remand the case for more complete findings of fact and conclusions of law.

Plaintiff alleges facts sufficient to show that it is not entitled to recover from the defendant. In its verified complaint, plaintiff alleged that defendant was domiciled in Wake County, North Carolina while her daughter attended school in the plaintiff's administrative unit, and that neither defendant nor her daughter was domiciled within the territory of plaintiff's administrative unit. In its brief, plaintiff has relied on evidence showing that defendant's daughter resided within the territory of plaintiff's administrative unit while attending school there.

N.C. Gen. Stat. § 115C-366.1 (1991) provides that local boards of education, such as plaintiff, may charge tuition to "[p]ersons of school age who are *domiciliaries* of the State but who do not *reside* within the school administrative unit or district." (Emphasis added); *see Streeter v. Greene County Board of Education*, 115 N.C. App. 452, 446 S.E.2d 107 (1994); *Floyd v. Lumberton Bd. of Education*, 71 N.C. App. 670, 680, 324 S.E.2d 18, 25 (1984). This does not mean, however, that local school boards may charge tuition to students who reside within its administrative unit but are domiciled elsewhere within the State.

"Residence simply indicates a person's actual place of abode, whether permanent or temporary. Domicile denotes one's permanent, established home as distinguished from a temporary, although actual, place of residence." *Hall v. Board of Elections*, 280 N.C. 600, 605-606, 187 S.E.2d 52, 55 (1972). An unemancipated minor may not establish a domicile different from his parents, surviving parents, or legal guardian, *In Re Hall*, 235 N.C. 697, 702, 71 S.E.2d 140, 143 (1952), but obviously may reside in a place separate from his parents.

In summary, although the defendant and consequently her daughter were domiciled outside plaintiff's administrative unit, the daughter resided within that unit. Therefore, plaintiff may recover nothing from defendant because it is only empowered to charge tuition to students who do not reside within its administrative unit.

We remand this case for entry of judgment consistent with this opinion.

Remanded.

Judges JOHNSON and MARTIN concur.