CRAVEN COUNTY BOARD OF EDUCATION, PETITIONER v. VIRGINIA WILLOUGHBY, RESPONDENT

No. COA95-155

(Filed 6 February 1996)

1. **Domicil and Residence § 9 (NCI4th)— child living in Craven County with grandmother—child resident but not domiciliary**

   By virtue of his living either temporarily or permanently with his grandmother, respondent, in Craven County, the child in question was a legal resident of Craven County so long as he continued to live there, but he was not a domiciliary of the county because his mother lived in Florida, and an unemancipated child may not establish a domicile different from his parents.

   **Am Jur 2d, Domicil § 41.**

   **Separate domicil of mother as affecting domicil or residence of infant. 13 ALR2d 306.**

**2. Domicil and Residence § 9 (NCI4th); Schools § 112 (NCI4th)— resident child not domiciliary—special needs child—right to free appropriate education**

A resident child with special needs need not be a domiciliary in order to receive a free appropriate education; therefore, pursuant to N.C.G.S. § 115C-110(i), respondent's grandchild who lived with her in Craven County was entitled to a free appropriate education in that county.

**Am Jur 2d, Schools § 220.**

Appeal by petitioner from judgment entered 4 August 1994 by Judge James E. Ragan, III, in Craven County Superior Court. Heard in the Court of Appeals 13 November 1995.

Respondent, Virginia Willoughby, is the maternal grandmother of Danyun Walker who is a sixteen-year-old "child with special needs." Until the summer of 1993, Danyun Walker had lived with his mother, Queenie Walker, in Duval County, Florida. In Florida, Danyun had been treated as a child with special needs by the Duval County public school system, and he accordingly received a free and appropriate education.

After school was over for the day in Florida, Danyun's brother would care for Danyun until Ms. Walker was able to come home from her job at Blue Cross/Blue Shield. This care-giving arrangement was important because Danyun required almost constant care, and because Ms. Walker's job was essential to the family's economic welfare. Danyun's brother, however, graduated from high school in 1993 and was no longer able to help care for Danyun.

To ensure that Danyun received all necessary care, respondent grandmother and Danyun's mother agreed that Danyun would live in Craven County, North Carolina, with respondent. Respondent grandmother then applied on Danyun's behalf for his admission to Craven County Schools for the fall 1993 term as a child with special needs. The school administration denied Danyun's application asserting that Danyun was neither a resident nor a domiciliary of North Carolina. Respondent pursued no further administrative procedures before the Board of Education; instead, on 20 October 1993, respondent initiated this action before the Office of Administrative Hearings pursuant to G.S. 150B-23. Respondent's complaint alleged (1) that Danyun was a resident of Craven County, North Carolina, (2) that respondent acts in the role "as a parent," and (3) that by refusing to enroll Danyun in

public school, the Board was denying Danyun the free appropriate education to which he is entitled. Petitioner in its answer moved to dismiss respondent's claim alleging that Danyun was neither a resident nor a domiciliary and alleging that respondent had no standing to maintain this action on Danyun's behalf.

On 3 December 1993, respondent's claim was heard before Chief Administrative Law Judge Julian Mann, III. On 17 December 1993, Judge Mann rendered a written decision in respondent's favor. Petitioner then filed for an appeal before a Hearing Review Officer pursuant to G.S. 115C-116. On 18 January 1994, the Hearing Review Officer, Dr. Joe D. Walters, decided that Danyun was entitled to a free appropriate education in the Craven County public schools. Petitioner then appealed to the Superior Court of Craven County. After hearing on 5 July 1994, Superior Court Judge James E. Ragan, III, entered judgement in favor of respondent.

Petitioner appeals.

*Henderson, Baxter & Alford, P.A, by David S. Henderson, for petitioner-appellant.*

*Pamlico Sound Legal Services, by Jack Hansel, for respondent-appellee.*

EAGLES, Judge.

Petitioner first argues that Danyun is not entitled to a free appropriate education because he is neither a domiciliary or a resident of Craven County, North Carolina. We disagree and affirm because we conclude that Danyun is a resident, although not a domiciliary, of Craven County.

[1] Our Supreme Court has long recognized that the terms "residence" and "domicile" have different meanings.

> "Precisely speaking, *residence* and *domicile* are not convertible terms. A person may have his residence in one place and his domicile in another. Residence simply indicates a person's actual place of abode, whether permanent or temporary. Domicile denotes one's permanent, established home as distinguished from a temporary, although actual, place of residence."

*In re Annexation Ordinance,* 296 N.C. 1, 15, 249 S.E.2d 698, 706 (1978) (quoting *Hall v. Board of Education,* 280 N.C. 600, 605, 187 S.E.2d 52, 55 (1972)). We have also recognized that, "[t]raditionally,

residence is taken to signify one's place of actual abode, whether it be temporary or permanent." *Vinson Realty Co. v. Honig*, 88 N.C. App. 113, 116, 362 S.E.2d 602, 603 (1987). More specifically, "[a]n unemancipated minor may not establish a domicile different from his parents, surviving parents, or legal guardian, . . . but [he] obviously may reside in a·place separate from his parents." *Chapel-Hill-Carrboro City Schools System v. Chavioux*, 116 N.C. App. 131, 133, 446 S.E.2d 612, 614 (1994).

Danyun Walker's place of actual abode is clearly Craven County, North Carolina. Petitioner does not dispute that Danyun actually lives or resides with his grandmother in Craven County. Accordingly, we conclude that by virtue of his living either temporarily or permanently with respondent in Craven County, Danyun Walker is a legal resident of Craven County so long as he continues to live there. *Vinson*, 88 N.C. App. at 116, 362 S.E.2d at 603. Even so, we conclude that Danyun is not a domiciliary of Craven County because an unemancipated child may not establish a "domicile different from his parents." *Chavioux*, 116 N.C.App. at 133, 446 S.E.2d at 614.

[2] Having determined that Danyun is a resident, though not a domiciliary, of Craven County, we now consider whether a resident child with special needs must be a domiciliary in order to receive a free appropriate education. Petitioner argues that domicile must be established in order to entitle a resident child with special needs to a free appropriate education. We disagree.

Petitioner argues that G.S. 115C-366 is controlling. G.S. 115C-366(a) states in pertinent part:

(a) all students under the age of 21 years who are domiciled in a school administrative unit . . . are entitled to all the privileges and advantages of the public schools to which they are assigned by the local boards of education.

G.S. 115C-366(a) (1991). Petitioner reads this section as creating a domicile requirement for all children under 21 years of age who are not specifically excepted in G.S. 115C-366.2. Finding no mention of children with special needs in G.S. 115C-366.2, petitioner concludes that children with special needs are among those who must be domiciliaries of a school administrative unit in order to receive a free appropriate education. We conclude that petitioner's argument fails because G.S. 115C-366 is not controlling here.

CRAVEN COUNTY BD. OF EDUCATION v. WILLOUGHBY

[121 N.C. App. 495 (1996)]

Children with special needs fall within the purview of Chapter 115C, Article 9, entitled "Special Education." Within Article 9, G.S. 115C-110(i) states that:

> Each local educational agency shall provide free appropriate special education and related services in accordance with the provisions of this Article for all children with special needs who are residents of, or whose parents or guardians are residents of, the agency's district, beginning with children aged five.

G.S. 115C-110(i) (1989). When a more generally applicable statute such as G.S. 115C-366(a) conflicts with a more specific, special statute such as G.S. 115C-110(i), the "special statute is viewed as an exception to the provisions of the general statute . . . ." *Electric Service v. City of Rocky Mount*, 20 N.C. App. 347, 350, 201 S.E.2d 508, 510, *aff'd*, 285 N.C. 135, 203 S.E.2d 838 (1974). Accordingly, we conclude that the specific requirements of G.S. 115C-110(i) control where in conflict with the general requirements of G.S. 115C-366(a).

The only requirement imposed by G.S. 115C-110(i) is that the child with special needs be a resident of the school district in which the child is seeking free appropriate education. As we have held, Danyun Walker is a resident of Craven County. Accordingly, based on G.S. 115C-110(i), we conclude that Danyun Walker is entitled to a free appropriate education in Craven County, North Carolina.

This conclusion is consistent with the policies motivating enactment of Chapter 115C, Article 9. We have recognized that Chapter 115C, Article 9 was enacted in accordance with the federal "Education for All Handicapped Children Act" of 1975, which is now entitled the "Individuals with Disabilities Education Act" ("IDEA"). *Beaufort County Schools v. Roach*, 114 N.C. App. 330, 335, 443 S.E.2d 339, 341, *disc. review denied*, 336 N.C. 602, 447 S.E.2d 384, *cert. denied*, —— U.S. ——, 130 L.Ed. 2d 398 (1994). The IDEA created a "state grant program to aid states in educating handicapped children." *Id.* The IDEA "requires all states receiving funds under [the IDEA] to provide a 'free appropriate public education' for all children with disabilities in the state." *Id.* (citing 20 U.S.C. 1412 (1988)). As we recognized, "North Carolina receives funds under the [IDEA] and is, therefore, required to provide a free appropriate public education to children with disabilities living in the State." *Roach*, 114 N.C. App. at 335, 443 S.E.2d at 342. For the reasons stated, the decision of the trial court is

Affirmed.

Chief Judge ARNOLD and Judge MARTIN, John C., concur.