MARTIN J. GRAHAM AND LORENE M. TEMPLETON, PLAINTIFFS-APPELLANTS V. FRED L. MOCK AND THE DAVIDSON COUNTY BOARD OF EDUCATION, DEFENDANTS-APPELLEES

No. COA00-549

(Filed 1 May 2001)

**1. Schools and Education— domicile—residing with uncle**

A fourteen-year-old child was not entitled to be enrolled in the school system in Davidson County under N.C.G.S. § 115C-366(a3) where she was sent to live with an uncle in Davidson County because the mother felt that North Carolina would be safer than her Chicago neighborhood. An unemancipated minor may not establish a domicile different from her parents and none of the criteria in N.C.G.S. § 115C-366(a3)(1)(a)-(e) applies in this case to allow an exception.

**2. Schools and Education— domicile—policy constitutional**

Defendant board of education's enrollment policy requiring domicile in the county did not violate a student's constitutional rights. N.C.G.S. § 115C-366 et seq. carefully addresses the circumstances under which a minor may enroll in a school system within this State, the policy is supported by a rational basis and enables the school system to deal with a parent or legal custodian in all matters involving the minor, and the policy is uniformly applied.

Appeal by plaintiffs from judgment dated 31 March 2000 and filed 5 April 2000 by Judge L. Todd Burke in Davidson County Superior Court. Heard in the Court of Appeals 5 February 2001.

*Central Carolina Legal Services, by Stanley B. Sprague and Richard W. Wells, for plaintiffs-appellants.*

*Brinkley Walser, PLLC, by David E. Inabinett, for defendants-appellees.*

WALKER, Judge.

This action arises from the denial of enrollment of Lorene Templeton (Templeton), a female then fourteen years of age, into the public school system (school system) of Davidson County, North Carolina. On behalf of the Davidson County Board of Education (defendants), School Superintendent Fred L. Mock denied Templeton's admission on the ground that she was not domiciled in a school administrative unit in Davidson County as required by N.C. Gen. Stat. § 115C-366(a) (1999) and did not meet the statutory requirements for admission for non-domiciled students pursuant to N.C. Gen. Stat. §§ 115C-366(a3) or 115C-366.2 (1999).

Templeton's mother, Ms. Graham, sent her to reside with her uncle in Davidson County and to attend school there. Ms. Graham felt this state would be a safer place since Templeton had been the victim of an attempted sexual assault in her Chicago neighborhood. From the trial court's denial of plaintiff's motion for summary judgment and from the granting of defendants' motion for summary judgment, plaintiffs appeal.

In support of their argument that the trial court erred by denying their motion for summary judgment and in granting defendants' motion for summary judgment, plaintiffs assert: (1) since domicile is not defined in N.C. Gen. Stat. § 115C-366, this Court should adopt a "rebuttable presumption" of domicile being that of Templeton's mother; and (2) defendants' policy, based upon their interpretation of N.C. Gen. Stat. § 115C-366 et seq. violates Templeton's due process and equal protection rights.

Regarding domicile, N.C. Gen. Stat. § 115C-366(a) provides "[a]ll students under the age of 21 years who are *domiciled* in a school administrative unit ... are entitled to all the privileges and advantages of the public schools to which they are assigned by the local boards of education . . . ." (emphasis added). However, exceptions to this requirement are provided for in N.C. Gen. Stat. § 115C-366(a3) as follows:

(a3) A student who is not a domiciliary of a local school administrative unit may attend, without the payment of tuition, the public schools of that unit if:

(1) The student resides with an adult, who is a domiciliary of that unit, as a result of:

    a. The death, serious illness, or incarceration of a parent or legal guardian,

    b. The abandonment by a parent or legal guardian of the complete control of the student as evidenced by the failure to provide substantial financial support and parental guidance,

    c. Abuse or neglect by the parent or legal guardian,

    d. The physical or mental condition of the parent or legal guardian is such that he or she cannot provide adequate care and supervision of the student, or

    e. The loss or uninhabitability of the student's home as the result of a natural disaster.

N.C. Gen. Stat. § 115C-366(a3)(1).

If the student meets one of the criteria set forth above, then affidavits must be filed which comport with the following:

(3) The adult with whom the student resides and the student's parent, guardian, or legal custodian have each completed and signed separate affidavits that:

    a. Confirm the qualifications set out in this subsection establishing the student's residency,

    b. Attest that the student's claim of residency in the unit is not primarily related to attendance at a particular school within the unit, and

    c. Attest that the adult with whom the student is residing has been given and accepts responsibility for educational decisions for the child, including receiving notices of discipline under G.S. 115C-391, attending conferences with school personnel, granting permission for school-related

activities, and taking appropriate action in connection with student records . . . .

N.C. Gen. Stat. § 115C-366(a3)(3).

In addition, N.C. Gen. Stat. § 115C-366.2 provides:

For the purposes of G.S. 115C-366 and 115C-366.1 for any person who is a resident of a place which is not the person's place of domicile, because: . . . (iii) the child resides with a legal custodian who is not the child's parent or guardian, those sections shall be applied by substituting the word "residing" for the word "domiciled," by substituting the word "residence" for the word "domicile," and by substituting the word "residents" for the word "domiciliaries." For purposes of this section, "legal custodian" means the person or agency that has been awarded legal custody of the child by a court.

Our Supreme Court has defined "domicile" as "one's permanent, established home as distinguished from a temporary, although actual, place of residence[,]" and as distinguished from "residence" which "simply indicates a person's actual place of abode, whether permanent or temporary." *Hall v. Board of Elections*, 280 N.C. 600, 605, 187 S.E.2d 52, 55 (1972). Although a minor may have a different residence from that of his parent(s), "[an] unemancipated minor may not establish a domicile different from his parents, surviving parents, or legal guardian[.]" *Chapel Hill-Carrboro City Schools System v. Chavioux*, 116 N.C. App. 131, 133, 446 S.E.2d 612 (1994), *citing In re Hall*, 235 N.C. 697, 702, 71 S.E.2d 140, 143 (1952). *See also Craven County Bd. of Education v. Willoughby*, 121 N.C. App. 495, 466 S.E.2d 334 (1996). In addition, an unemancipated minor "cannot of his own volition select, acquire, or change his domicile." *Hall* at 608, 187 S.E.2d at 57 (citations omitted).

[1] Plaintiffs first argue that if the domicile of a minor under N.C. Gen. Stat. § 115C-366(a) is presumed to be that of his parents, then "this presumption may be rebutted when the child moves to a new location to live with another adult caretaker with the consent of the parent and the parent intends that the child will stay there for the indefinite future."

At the time Templeton sought enrollment into the school system, she was residing with her uncle in Davidson County. However, as an unemancipated minor, Templeton's domicile remained as that of her mother who was residing at the time in Chicago, Illinois. Plaintiffs

recognize that this Court has held an unemancipated minor may not establish a domicile different from his parents. *See Chapel Hill Schools,* 116 N.C. App. 131, 446 S.E.2d 612; *Craven Board of Education,* 121 N.C. App. 495, 466 S.E.2d 334. However, plaintiffs contend our Court has not been presented with the theory they now advance. Aside from the exception provided for in N.C. Gen. Stat. § 115C-366(a3) *et seq.,* existing law appears to be based on sound public policy. Any change in the domicile requirements by unemancipated minors is within the prerogative of our Legislature. Furthermore, plaintiffs concede that none of the criteria contained in N.C. Gen. Stat. § 115C-366(a3)(1)(a)-(e) applies in this case, which would allow for an exception from the requirement of domicile. Therefore, Templeton was not entitled to be enrolled in the school system under this statute.

**[2]** We next consider whether defendants' enrollment policy violates Templeton's due process and equal protection rights. Templeton contends defendants' policy, based on their interpretation of the statutes, is violative of her constitutional rights because it impermissibly creates an "irrebuttable presumption" that a minor who lives within the school system can never be domiciled and attend school there unless the following requirements are met: (1) the minor child lives within the school district with a parent, a court-appointed legal custodian or legal guardian; and (2) the factual affidavit requirements of N.C. Gen. Stat. § 115C-366(a3) are met. She further contends defendants' policy violates this State's constitutional right to a free education afforded to a minor living within it.

We first note our United States Supreme Court has decided a line of cases which hold that "[p]ublic education is not a 'right' granted to individuals by the Constitution." *Plyler v. Doe,* 457 U.S. 202, 221, 72 L. Ed. 2d, 786, 801, *reh'g denied,* 458 U.S. 1131, 73 L. Ed. 2d 1401 (1982), *quoting San Antonio Independent School Dist. v. Rodriguez,* 441 U.S. 1, 35, 36 L. Ed. 2d 16, 44 (1973). However, our State Constitution provides "equal access to participation in our public school system is a fundamental right . . . . Where that right is threatened with restrictions, the basic fairness of the procedures employed must be evaluated in light of the particular parties, the subject matter and the circumstances involved." *Sneed v. Board of Education,* 299 N.C. 609, 618, 264 S.E.2d 106, 113 (1980) (citations omitted). Although the "United States Supreme Court has not considered the constitutionality of a domicile requirement as it affects elementary and secondary education, it has held that a Texas residency statute was

facially constitutional." *Harris v. Hall*, 572 F. Supp. 1054, 1056 (E.D.N.C. 1983), *citing Martinez v. Bynum*, 461 U.S. 321, 75 L. Ed. 2d 879 (1983).

In *Martinez*, the United States Supreme Court upheld the constitutionality of a state statute which conditioned public school enrollment on residency within the school district or proof that enrollment was not being sought for the sole purpose of attending school within the district. *Martinez*, 461 U.S. 321, 75 L. Ed. 2d 879. The Court explained in a footnote the constitutional test for such requirements: "A bona fide residence requirement implicates no 'suspect' classification, and therefore is not subject to strict scrutiny. Indeed, there is nothing individiously discriminatory about a bona fide residence requirement if it is uniformly applied. Thus the question is simply whether there is a rational basis for it." *Id.* at 328, 75 L. Ed. 2d at 887.

However, plaintiffs argue that the United States Supreme Court has relied on due process guarantees to strike down presumptions which irrebuttably deny government benefits. Plaintiffs cite *Vlandis v. Kline*, 412 U.S. 441, 37 L. Ed. 2d 63 (1973), where the Court struck down a statute which presumed that a college student, who had an out-of-state address when applying to a Connecticut state university, would always be a non-resident for state university tuition purposes. The Court noted that "a permanent irrebuttable presumption of non-residence . . . is violative of the Due Process Clause, because it provides no opportunity for students who applied from out[-]of[-]state to demonstrate that they have become bona fide Connecticut residents." *Id.* at 453, 37 L. Ed. 2d at 72. The plaintiffs fail to point out that the Court in *Vlandis* also recognized the State's legitimate interest in protecting and preserving the quality of its colleges and universities and the right of its own bona fide residents to attend such institutions on a preferential tuition basis. *Id.* at 452-53, 37 L. Ed. 2d at 72. Further, the Court cited with approval the state attorney general's more rigorous "domicile" test that had been promulgated as a "reasonable standard for determining the residential status of a student." *Id.* at 454, 37 L. Ed. 2d at 72-73.

Similar to the instant case is *Harris, supra*, which cites with approval *Martinez, supra*. In *Harris*, an unemancipated minor was denied admission to the school system in Cumberland County, North Carolina. *Id.* at 1055. The minor lived with his mother in New York and came to Cumberland County to live temporarily with his great aunt. *Id.* However, his legal custody remained with his mother. *Id.*

The minor's challenge to the constitutionality of N.C. Gen. Stat. § 115C-366 was denied. *Id.* The Court stated "[i]n light of *Martinez, Vlandis* and prior case law upholding domicile standards in higher education, it is a logical extension of *Martinez* to hold that a domicile requirement, which otherwise satisfies the Constitution, is a reasonable standard for determining the residential status of students in the public schools." *Id.* at 1057. The *Harris* court examined the statutes at issue under a rational basis test, i.e., whether the statutes provide "reasonable standards for determining the residential status of a student[.]" *Id.*

In applying the rational basis test, the *Harris* court determined that "[a]lthough [N.C. Gen. Stat. § 115C-366] does not define the term domicile explicitly, the language of the statute makes clear who is a domiciliary and who is not . . . . Moreover, the definition of domicile as established by North Carolina case law is a traditional criterion which springs from well-recognized legal precedent." *Id.* at 1058, *citing Lloyd v. Babb,* 296 N.C. 416, 251 S.E.2d 843 (1979). The Court also found N.C. Gen. Stat. § 115C-366 to be "uniformly applied[,]" since it "grants the benefit of a free public school education to those who satisfy the traditional requirements of domicile . . ." and "creates neither an irrebuttable presumption nor a durational residency requirement." *Id.* Moreover, the Court held the effect of N.C. Gen. Stat. §§ 115C-366 and 115C-366.1(a)(1) to be supported by a rational basis, including: (1) the county tax base reduction which occurs when a non-domiciled minor attends school but pays no tuition; and (2) requiring that a student who lives away from his parents reside with a guardian or with one having legal custody, so school officials "may deal with effectively and authoritatively in matters of punishment, educational progress and medical needs." *Id.*

When we apply the rational basis test to defendants' policy based upon the applicable statutes, we agree with the *Harris* court that N.C. Gen. Stat. § 115C-366 *et seq.* carefully addresses the circumstances under which a minor may enroll in a school system within this State. The policy resulting from these statutes is uniformly applied, providing the same requirements and exceptions to all minors. Thus, the policy is supported by a rational basis and enables the school system to deal with a parent or legal custodian in all matters involving the minor.

We have carefully considered the plaintiffs' remaining assignments of error and find them to be without merit.

We conclude the trial court properly determined that there were no genuine issues of material fact and defendants were entitled to summary judgment.

Affirmed.

Judges HUNTER and CAMPBELL concur.